UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------
In re

    BRADLEY D. MOSER
    CAROLYN M. MOSER                            06-00643 B

                              Debtor
------------------------------------------------------------------------

            Penney, Maier & Wallach
            Mark S. Wallach, of counsel
            169 Delaware Avenue
            Buffalo, NY 14202
            Attorneys for Trustee

            Alvin M. Greene
            704 Statler Towers
            107 Delaware Avenue
            Buffalo, NY 14202
            Attorney for Debtor

Bucki, U.S.B.J.

      The present dispute involves the meaning of "circumstances beyond the control of the debtor," for purposes of excusing a failure to submit tax returns to a trustee within the time limits established by 11 U.S.C. §521(e)(2).

      The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 has redefined the duties of a debtor under 11 U.S.C. §521. For cases filed after October 17, 2005, paragraph (e)(2) imposes obligations for submission of Federal income tax returns. In relevant part, this paragraph states as follows:

> (A) The debtor shall provide –
> (i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year immediately before the commencement of the case and for which a Federal income tax return was filed; and
> (ii) at the time the debtor complies with clause (i), a copy of such return (or if elected under clause (i), such transcript) to any creditor that timely requests such copy.
> (B) If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.

Bradley and Carolyn Moser filed a petition for relief under chapter 7 of the Bankruptcy Code on March 30, 2006. In due course, the Office of the United States Trustee set May 4, 2006, as the date for the first meeting of creditors. The trustee, however, did not receive the required tax returns or transcripts at least seven days prior to the first meeting. When the debtors' counsel presented copies of the returns at the first meeting, the case trustee declined to review them at that time. Instead, the trustee adjourned the first meeting and served the present motion which seeks, *inter alia*, to dismiss this case.

At the hearing on the trustee's motion to dismiss, the debtors' attorney reported that the debtors had given him their tax returns more than a week before the first meeting of creditors, but that counsel had neglected to forward a copy to the trustee within the time mandated by 11 U.S.C. §521(e)(2)(A)(i).

06-00643;	3

Admitting responsibility for the delay, counsel argues that the failure to comply with the statute was due to his own tardiness, and that this qualifies as a circumstance beyond the control of his clients. Hence, he contends that the debtors qualify for the exception to dismissal, as established by 11 U.S.C. §521(e)(2)(B).

As a general rule, the actions and inactions of an attorney are imputed to a client. American Jurisprudence 2nd accurately summarizes this principle: the action "of counsel is imputed to his or her client, who is bound thereby, under the rule that the acts and omissions of an attorney acting within the scope of his or her authority are regarded as the acts of the person he or she represents." 7 AM. JUR. 2d *Attorneys at Law*, § 157 (1997). Were it not for the statute's exception for circumstances beyond the control of the debtor, I would dismiss the present bankruptcy petition. Specific exceptions, however, will prevail over a general standard. Although the attorney's failure to submit tax returns would be an oversight attributable to the debtors, this inaction would nonetheless qualify as a circumstance beyond the debtor's control.

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 has created many new pitfalls for practitioners of bankruptcy law. Even excellent attorneys will encounter an enhanced risk for inadvertent delay. In the present instance, where the statute clearly excuses errors due to circumstances beyond the control of the debtor, the court may properly enforce the legislative directive to penalize only mistakes by the debtors themselves.

06-00643; 4

Thus, in at least two other reported cases, bankruptcy judges have refused to dismiss a petition even though the attorney had failed to effect a timely submission of tax returns to the trustee. *In re Grasso*, 341 B.R. 821 (Bankr. D.N.H. 2006), *In re Merrill*, 340 B.R. 671 (Bankr. D.N.H. 2006). I agree with the reasoning of these decisions, and will similarly excuse the delayed delivery of tax returns in the instant matter.

For the reasons stated herein, the trustee's motion to dismiss is denied. To the extent that they have not already done so, the debtors shall immediately provide copies of their last tax returns to the trustee. They shall also appear at such further adjourned meetings of creditors as the trustee shall schedule.

So ordered.


Dated:   Buffalo, New York              /s/   CARL L. BUCKI
         August 7, 2006                        U.S.B.J.